Thomas E. **JOHNSON**, Plaintiff,

v.

**REPUBLICBANK DALLAS,
N.A.,** Defendant.

Civ. A. No. 3-86-0467-H.

United States District Court,
N.D. Texas,
Dallas Division.

April 24, 1986.

Dan R. Waller, Michael R. Johnson, True & McLain, Dallas, Tex., for plaintiff.

John A. Mackintosh, Jr., Thompson & Knight, Dallas, Tex., for defendant.

**MEMORANDUM OPINION
AND ORDER**

SANDERS, District Judge.

Before the Court are Defendant's Motion to Dismiss, filed March 19, 1986, and Plaintiff's Response, filed April 14, 1986. Plaintiff's Complaint alleges violations of Section 7 of the Securities Exchange Act of 1934, 15 U.S.C. § 78g, and Regulation T issued by the Board of Governors of the Federal Reserve System, 12 C.F.R. § 220. Defendant seeks dismissal on the ground that the Complaint fails to state a cause of action.

As its first basis for dismissal, Defendant alleges that the provisions of Regulation T did not apply to banks under the terms of the regulation in existence on October 14, 1985. In response, Plaintiff seeks to amend his Complaint to allege violation of Regulation U which did apply to banks at the time of the alleged violation. The Court assumes for the purposes of the following discussion that Plaintiff's Complaint alleges a violation of Regulation U.

The primary question is whether a private right of action exists for violations of Section 7 and Regulation U. Neither Section 7 nor Regulation U expressly provides for a private cause of action. Early decisions, however, found an implied right by concluding that a subsidiary purpose of Section 7 was to protect investors and borrowers and that private actions were a necessary supplement to Commission enforcement. *E.g., McCormick v. Esposito,* 500 F.2d 620 (5th Cir.1974), *cert. denied,* 420 U.S. 912, 95 S.Ct. 834, 42 L.Ed.2d 842 (1975); *see McNeal v. Paine, Webber, Jackson & Curtis, Inc.,* 429 F.Supp. 359, 363–364 (N.D.Ga.1977) (list of cases finding implied right).

Defendant notes that two significant events have occurred which cast doubt on the validity of these early holdings. First, the Securities and Exchange Act was amended November 1, 1971. Prior to that date, only the extension of credit in viola-

tion of the margin rules was unlawful. The newly added provisions, Section 7(f) and Regulation X, 12 C.F.R. § 224, made it unlawful to *obtain* credit in violation of the rules as well. At that point, many courts began to question the strength of their prior rulings. *E.g., Pearlstein v. Scudder & German,* 527 F.2d 1141, 1145 n. 3 (2d Cir.1975) (addition of § 7(f) "cast[s] doubt on the continuing viability of the rationale" underlying implied right).

Second, the Supreme Court in 1975 set forth specific criteria to be utilized in determining the existence of an implied right. *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). A court must consider (1) whether the plaintiff is "one of the class for whose *especial* benefit the statute was enacted", (2) whether there is any indication of legislative intent to either create or deny a remedy, (3) whether an implied remedy is consistent with the underlying purposes of the legislative scheme, and (4) whether the cause of action is one traditionally relegated to state law so that an implied federal cause of action would be inappropriate. *Id.* at 78, 95 S.Ct. at 2088.

Numerous circuit courts have applied the *Cort* factors to the question of private rights of action under Regulations U and T.[1] To date, the Circuit Courts of Appeal which have considered the issue subsequent to the above mentioned events have *unanimously* concluded that no private right exists. *See Bennett v. United States Trust Company of New York,* 770 F.2d 308, 311–313 (2d Cir.1985); *Bassler v. Central National Bank,* 715 F.2d 308, 310–313 (7th Cir.1983); *Walck v. American Stock Exchange,* 687 F.2d 778, 788–789 (3d Cir. 1982), *cert. denied,* 461 U.S. 942, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983); *Gilman v. FDIC,* 660 F.2d 688, 691–693 (6th Cir.1981); *Gutter v. Merrill Lynch, Pierce, Fenner & Smith,* 644 F.2d 1194, 1197–1199 (6th Cir.

1981), *cert. denied,* 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982); *Stern v. Merrill Lynch, Pierce, Fenner & Smith,* 603 F.2d 1073, 1074–1093 (4th Cir.1979); *Utah State University v. Bear, Stearns & Co.,* 549 F.2d 164, 169–170 (10th Cir.), *cert. denied,* 434 U.S. 890, 98 S.Ct. 264, 54 L.Ed.2d 176 (1977).

Undaunted by this weight of authority, Plaintiff contends that the Fifth Circuit recognizes the existence of a private right of action, "notwithstanding decisions to the contrary in other circuits." A review of the cases Plaintiff cites for support of his theory shows avoidance more than recognition. *See Vigman v. Community National Bank & Trust Company,* 635 F.2d 455, 458 n. 6 (5th Cir.1981) ("It is unclear ... whether [borrowers] even have a right of action against the Bank under Regulation U. We need not resolve this issue, however...."); *McNeal v. Paine, Webber, Jackson & Curtis, Inc.,* 598 F.2d 888, 890– 891 n. 3 (5th Cir.1979) ("We express no opinion as to the correctness of [the lower court's finding of an implied private right of action.]"). While Plaintiff is correct in that the Circuit has not expressly overruled its prior opinion in *McCormick,* the Circuit's continual sidestepping of the issue is not firm support for Plaintiff's argument either.[2]

Given the Fifth Circuit's inconclusive stance on the issue, the Court has examined other Circuit decisions and finds them persuasive. These courts have noted that the primary inquiry is whether Congress intended to create a private right of action. *E.g., Bassler,* 715 F.2d at 310 (and cases cited therein). In extensive discussions, the Third and Seventh Circuits examined the legislative history and determined that Section 7 was enacted in order to "give a Government credit agency an effective method of reducing the aggregate amount

---

1. Regulation T applies to "creditors" and "brokers" while Regulation U applies to banks. The Regulations are similar and courts have applied the same rationale to both Regulations.

2. The Court notes the *McCormick* Court's heavy reliance on the reasoning expressed by the Sec-

ond Circuit in *Pearlstein v. Scudder & German,* 429 F.2d 1136 (2d Cir.1970), *cert. denied,* 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550 (1971). Yet the Second Circuit has since reexamined and rejected that decision. *Bennett,* 770 F.2d at 313.

of the nation's credit resources which can be directed by speculation into the stock market and out of other more desirable uses...." *Walck,* 687 F.2d at 789 (quoting H.R.Rep. No. 1383, 73d Cong., 2d Sess. 709 (1934)); *Bassler,* 715 F.2d at 310–313. Protection of the investor was, at most, only a by-product of the legislation. The *Bassler* Court concluded that there was "no indication of legislative intent, explicit or implicit, to create a private right of action" for investors. *Bassler,* 715 F.2d at 313. Plaintiff has shown no evidence that these Circuits' interpretations of the legislative history is in any way incorrect.

Applying the remaining *Cort* factors, the Court concludes that Section 7 was not passed for the "especial benefit" of borrowing investors and that permitting a private right of action would probably be inconsistent with the purposes of the legislative scheme. *See Gilman,* 660 F.2d at 693 (regulation of borrowers pursuant to § 7(f) shows § 7 not enacted for their especial benefit); *Bennett,* 770 F.2d at 312–313 (private actions may encourage violations by investors).

In *McNeal,* 429 F.Supp. at 365, the district court determined that a private right of action existed where the investor was misled into believing his account complied with the applicable regulation. This type of equitable argument has been advanced and rejected by more controlling authority. *See, e.g., Bennett,* 770 F.2d at 313; *Bassler,* 715 F.2d at 311; *Stern,* 603 F.2d at 1083–1084; *Utah State,* 549 F.2d at 170. An investor's innocent mistake may affect the imposition of sanctions against the investor in a particular case but has little to do with the question of Congressional intent. *Bassler,* 715 F.2d at 311.

The Court therefore concludes that no private right of action exists for violations of Section 7 of the Securities and Exchange Act of 1934 or Regulation U. Accordingly, Defendant's Motion is GRANTED and Plaintiff's Complaint is DISMISSED.

SO ORDERED.